UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED EUGENE SHALLOWHORN, | CASE NO. 1:11-cv-00305-GBC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| P. J. GONZALEZ, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Alfred Eugene Shallowhorn ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 22, 2011. (ECF No. 1.) No other parties have appeared.

Plaintiff's Complaint is now before the Court for Screening. For the reasons stated below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

///

## II. **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. **SUMMARY OF COMPLAINT**

Plaintiff brings this action for violations of his right to Due Process under the Fourteenth Amendment and retaliation in violation of the First Amendment. Plaintiff names the following individuals as Defendants: Gonzalez, Stane, Benavides, Harris, Hammer,

2

Thomas, Tarnoff, Biter, Tallerico, Lomonaco, Grissom, Holstrom, Foston, Artis, Billings, and John Does I-VIII.  All Defendants were employed at Kern Valley State Prison at the time of the incident.

Plaintiff alleges the following: On July 21, 2009, a riot occurred at Kern Valley State Prison.  Plaintiff was not involved in the riot.  Regardless, Defendants Benavides and Gonzalez wrote false reports claiming that Plaintiff participated in the riot and attacked another inmate.  This other inmate denies that Plaintiff was one of the attackers.

As a result of the report, on July 21, 2009, Plaintiff was placed in administrative segregation ("ad-seg") and charged with battery of an inmate with a weapon.  A prison official ordered the placement and another prison official and Defendant Hammer ordered that Plaintiff be retained there.  On September 12, 2009, the charge was changed to misconduct likely to result in violence, which Plaintiff was found guilty of.  When Plaintiff asked what conduct he had engaged in, Defendant Hearing Officer John Doe I could not say, but did state that if he did not find Plaintiff guilty that his supervisor would be angry.  The hearing officer also ordered that Plaintiff be released from ad-seg.  However, Plaintiff was not returned to the general population and he was denied regular program and privileges until October 22, 2009 when the Institutional Classification Committee held a hearing and released him.

Plaintiff seeks nominal compensation and punitive damages.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured

3

>by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.  Administrative Segregation

Plaintiff appears to be arguing that there was insufficient evidence to hold him in ad-seg, that his ICC hearing was not held in a timely fashion, that he was held in ad-seg for longer than he should have been, and he complains of the conditions of confinement in ad-seg.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

#### 1.  Placement in Ad-Seg

Plaintiff argues that there was insufficient evidence to place him in ad-seg.

The Due Process Clause alone creates no liberty interest in remaining in the general prison population. Hewitt v. Helms, 459 U.S. 460, 468 (1983) (overruled on other

4

grounds). Prisoners may be housed in administrative segregation to protect them from other inmates, to protect other inmates from the segregated prisoner, or pending investigation of disciplinary charges, transfer, or re-classification. Id. The allegation that a plaintiff was placed in administrative segregation does not in and of itself state a claim for relief based on deprivation of due process. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). The Ninth Circuit has explicitly found that "administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence." Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986), abrogated on other grounds by Sandin, 515 U.S. 472.

"[T]he requirements of due process are satisfied if 'some evidence' supports the decision of the hearing officer or the prison disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455 (1985); see also Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt it may be unnecessary to demonstrate existence of liberty interest.). This standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." Hill, 472 U.S. at 455-56.

As Plaintiff does not describe the evidence used again him at all, the Court is unable

5

to determine whether there was "some evidence" to support the Hearing Officer's decision. If Plaintiff chooses to amend this claim, he must demonstrate that the evidence used against him did not meet the "some evidence" standard described above and he must describe what occurred at the disciplinary hearing.

### 2. ICC Hearing

Plaintiff argues that his ICC hearing was not held in a timely fashion. Plaintiff states that the ICC could have held a special hearing to release him upon notification of the disciplinary resolution. Then Plaintiff states that Defendant Thomas ordered that Plaintiff's ICC hearing be delayed for thirty days.

In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt, 459 U.S. at 466-68. Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

As currently pleaded, Plaintiff does not demonstrate that he has a liberty interest in having a timely hearing. Plaintiff fails to highlight either a federally protected liberty interest or a state-created liberty interest in having a timely hearing. Plaintiff will be given leave to amend this claim.

### 3. Release from Ad-Seg

Plaintiff argues that he was held in ad-seg for longer than he should have been. Specifically, Plaintiff alleges that he should have been released on September 12, 2009 when Defendant John Doe I released him. However, he was held in ad-seg until October

22, 2009. Plaintiff states that this was done in retaliation for filing grievances.

"To establish a violation of substantive due process . . ., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian, 491 F.3d 1086 (9th Cir. 2007); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

Because Plaintiff describes his delayed release from ad-seg as a retaliatory action, the Court will analyze it as a retaliation claim and not a substantive due process claim.

### 4. Retaliation

Plaintiff states that he was held in ad-seg longer than he was supposed to be held in retaliation for having filed a grievance against Defendants Benavides, Gonzalez, and Stane.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

7

Filing a grievance is a protected action under the First Amendment. <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989). Plaintiff's allegation of being held in ad-seg longer than he was supposed to be is an adverse action. Thus, Plaintiff has satisfied the first and third prongs of a retaliation claim.

The second element of a prisoner retaliation claim focuses on causation and motive. <u>See</u> <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." <u>Id.</u> (quoting <u>Morgan</u>, 874 F.2d at 1314). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); <u>Hines v. Gomez</u>, 108 F.3d 265, 267-68 (9th Cir. 1997); <u>Pratt v. Rowland</u>, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Plaintiff alleges that Defendants held him in ad-seg longer because he filed grievances. Plaintiff states that he was placed in ad-seg in July, his hearing was held September 12, 2009 and he should have been returned to the general population then. He filed multiple grievances July through October against Defendants Hammer, Thomas, Gonzalez, Stane, and Benavides, among others. He also wrote letters to the prison ombudsman and inspector general.

As currently pleaded, Plaintiff does not connect the grievances with his retention in ad-seg in any way. It appears he was writing grievances, but he does not state that Defendants were aware of his grievances, nor does he state that any of them, except Defendant Harris, were responsible for releasing him from ad-seg. At one point, Plaintiff

was interviewed by Defendant Harris about one of his grievances. Defendant Harris stated that before he could release Plaintiff, Plaintiff needed to supply a copy of the rules violation report and an ICC hearing. It appears to the Court that Defendant Harris's refusal to release Plaintiff until the proper paperwork was provided and had a hearing could serve a legitimate institutional goal. Thus, Plaintiff has failed to establish causation.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Even though it appears that Plaintiff's First Amendment rights were not chilled as he continued to file grievances, the alleged actions of Defendants would chill or silence a person of ordinary firmness from pursuing First Amendment activities. Thus, Plaintiff has met the fourth prong for a retaliation claim.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff does not address this prong at all. However, it appears to the Court that Defendant Harris's refusal to release Plaintiff until Plaintiff provided the required paperwork and had an ICC hearing would serve a legitimate institutional goal.

9

Because Plaintiff has failed to satisfy all elements of a retaliation claim, this claim fails. Plaintiff will be given one additional opportunity to amend to attempt to state such a claim.

### 5. Conditions of Confinement

Plaintiff argues that he was subjected to cruel and unusual punishment in ad-seg. Plaintiff states that he was alone in his cell, had reduced yard time, etc.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials therefore have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities ." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious, a court must consider "the circumstances, nature, and duration" of the deprivation. Johnson, 217 F.3d at 731. "The more basic the particular need, the shorter the time it can be withheld." Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982).

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official is liable for denying an inmate humane

10

conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff states that ad-seg is much different than the general population. He was made to suffer unhealthy and unpleasant solitude, isolation, and sensory deprivation, only allowed to exercise in a concrete yard for one or two hours a week, deprived of his television, etc. As stated above, administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence. Thus, mere placement in ad-seg is not a constitutional violation. The complaints made by Plaintiff are not substantial enough to reach the constitutional level. Plaintiff does not allege conditions of confinement in ad-seg that implicate an atypical and significant hardship in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 484. Plaintiff has also failed to attribute this alleged constitutional violation to any named Defendant. Thus, he has failed to state a claim. Plaintiff will be given leave to amend.

**B.     False Reports**

Plaintiff claims that Defendants Benavides, Gonzalez, and Stane made false accusations and filed false reports against him.

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty

interest without due process of law." Id.  Thus, as long as a prisoner receives proper procedural due process, a claim based on the falsity of disciplinary charges, standing alone, does not state a constitutional claim.  Id.; Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  Under the Due Process Clause, a prisoner is entitled to certain procedural protections when he is charged with a disciplinary violation.  Wolff v. McDonnell, 418 U.S. 539, 564-571 (1974).  These protections include a written notice at least twenty-four hours before the disciplinary hearing, an opportunity to call witnesses and present documentary evidence, and a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken.  Id.

Here, Plaintiff makes several references to false reports being filed by multiple Defendants.  This, however, does not state a due process claim.  The Court will give Plaintiff one additional opportunity to amend such claim.  Plaintiff would be well-served to concentrate his efforts on his other claims.

### C.     Inmate Appeal Process

Plaintiff alleges that Defendants John Does IV-VIII, Tarnoff, Biter, Billings, Artis, Foston, Lononaco, Grissom, and Holstrom mishandled his grievances.

Plaintiff appears to be alleging that Defendants failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.

12

DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Thus, since he has neither a liberty interest, nor a substantive right to the procedures involved in inmate appeals, Plaintiff fails to state a claim in this regard. Because amendment of this claim would be futile, the Court advises Plaintiff that he would be well-served devoting his energy to pursuing his other claims.

### D.   Doe Defendants

Plaintiff names as Defendants Does I-VIII. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

13

Plaintiff is advised that John Doe Defendant can not be served by the United States Marshal until he has identified him as an actual individual and amended his complaint to substitute the Defendant's actual name.  The burden remains on Plaintiff to promptly discover the full name of Doe Defendant; the Court will not undertake to investigate the names and identities of unnamed defendants.  Id.  The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient identification.

### E.     Personal Participation and Supervisory Liability

Plaintiff appears to be arguing that several named Defendants are liable for the conduct of subordinates as, according to Plaintiff's statement of facts, they were not present and did not participate in any of the complained of conduct.  In fact, Defendants Tallerico and Does II, IV, V, VI, VII, and VIII are not mentioned at all in the factual allegations that make up Plaintiff's Complaint.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948-49.

14

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

Plaintiff has not alleged facts demonstrating that Defendants Tallerico or Does II, IV, V, VI, VII, and VIII personally acted to violate his rights. In his Amended Complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this

15

respect.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants relating solely to the issues related to his placement in ad-seg after the July 21, 2009 riot.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint,"

refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-305-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   August 22, 2011

UNITED STATES MAGISTRATE JUDGE