# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED EUGENE SHALLOWHORN, | CASE NO. 1:11-cv-00305-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| P. J. GONZALEZ, et al., | |
| Defendants. | |
| | / Doc. 9 |

**I. Procedural History, Screening Requirement, and Standard**

On February 22, 2011, Plaintiff Alfred Eugene Shallowhorn ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On August 22, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 7. On September 26, 2011, Plaintiff filed his first amended complaint. Doc. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*,129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

**II. Allegations in Plaintiff's First Amended Complaint**

In Plaintiff's first amended complaint, he names P. J. Gonzalez; M. Stane; Officer Benavides; Doe 1 Hearing Officer; Doe 2 Warden; Doe 3 from ICC; Does 4 through 8 Ad-Seg officers; Lieutenant Harris; W. Hammer; R. Thomas, Correctional Counselor; D. Tarnoff, Appeals

Coordinator; B. Daviega; M. D. Biter, Chief Deputy Warden; S. Tallerico, committee member; L. Lomonaco; R. Grissom; C. Holstrom; D. Foston; D. Artis; and T. Billings, who were employed at Kern Valley State Prison ("KVSP"). Am. Compl. at 1, 5-8, 12-13, 15, Doc. 9.

Plaintiff alleges that on July 21, 2009, a riot occurred in KVSP. *Id.* at 4. As a result of the riot, Gonzalez and Stane wrote a false report claiming they saw Plaintiff and two other inmates attack inmate White. *Id.* On July 21, 2009, Lieutenant Smith ordered Plaintiff placed in administrative segregation for allegedly participating in the riot. *Id.* at 5. Captain Castro and Lieutenant Hammer ordered Plaintiff retained in administrative segregation. *Id.* Plaintiff was charged with battery on an inmate with a weapon. *Id.* On September 12, 2009, Plaintiff was found guilty of the lesser charge of "misconduct likely to result in violence." *Id.* The hearing officer (Doe 1) could not clarify what misconduct Plaintiff had allegedly engaged in. *Id.* The hearing officer stated if he did not find Plaintiff guilty his supervisor would be angry. *Id.* The hearing officer said that Plaintiff had been in ad-seg long enough and it was time for him to return to regular program. *Id.*

Plaintiff filed appeals for being retained in ad-seg, but he was not released to the general population until October 22, 2009. *Id.* at 6. On October 22, 2009, the Institutional Classification Committee ("ICC") held a hearing and found Plaintiff's retention in ad-seg no longer necessary. *Id.* Lieutenant Harris claimed he could not release Plaintiff from ad-seg until he was given an RVR reflecting the favorable adjudication from ICC. *Id.* Lieutenant Harris could have released Plaintiff from ad-seg earlier, and Plaintiff was ultimately released without an adjudicated RVR. *Id.* Doe 3 from ICC should have forwarded the adjudicated RVR in a timely manner. *Id.* Plaintiff was held in ad-seg in retaliation for filing a 602 complaint against ad-seg officers. *Id.* at 6, 13-14. Plaintiff filed multiple appeals against Officers Benavides, Gonzalez, and Stane for their false accusations. *Id.* at 7. Plaintiff never received a response and alleges they were intentionally thrown away by Does 4 through 8 ad-seg officers. *Id.* Plaintiff complained to Captain Castro that he had been falsely accused, but Castro ordered Plaintiff retained in ad-seg pending the outcome of the disciplinary hearing. *Id.* Lieutenants Smith and Hammer placed or retained Plaintiff in ad-seg despite lack of credible evidence of guilt. *Id.* Plaintiff notified Doe 3 Warden but received no response. *Id.*

Plaintiff suffered substantial psychological harm from placement in ad-seg. *Id.* He was locked

in his cell twenty-four hours a day without a cellmate. *Id.* He could not participate in yard because ad-seg inmates can only wear boxer shorts for yard, and it was too cold. *Id.* at 8. Plaintiff was deprived of personal property and a televison. *Id.* R. Thomas, Correctional Counselor; D. Tarnoff, Appeals Coordinator; B. Daviega; M. D. Biter, Chief Deputy Warden; S. Tallerico, committee member; L. Lomonaco; R. Grissom; C. Holstrom; D. Foston; D. Artis; and T. Billings unjustifiably screened out or rejected Plaintiff's inmate appeals. *Id.* at 9-13. Defendants were aware of his grievances and failure to release Plaintiff was in retaliation. *Id.* at 6, 13-14. Plaintiff alleges a Fourteenth Amendment violation of due process, an Eighth Amendment violation of cruel and unusual punishment for placement in ad-seg and denial of outdoor exercise, intentional infliction of emotional distress, and a First Amendment denial of opportunity to file a grievance. *Id.* at 14-16.

For relief, Plaintiff seeks $1,000,000 in nominal, compensatory, and punitive damages. *Id.* at 16.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

#### B. False Reports

To the extent that Plaintiff attempts to allege a liberty interest regarding the submission of false reports against him, he fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not

apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon false reports.

### C. Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

### D. Fourteenth Amendment Due Process Deprivation of Liberty

Plaintiff alleges his placement in administrative segregation and single cell status violated his right to due process.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Austin*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant

1   hardship on the inmate in relation to the ordinary incidents of prison life. *Austin*, 545 U.S. at 221
2   (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

3         Plaintiff has not alleged any facts supporting the existence of a liberty interest in remaining
4   free from single cell status or administrative segregation, which precludes him from bringing a due
5   process claim. *Wilkinson*, 545 U.S. at 221; *Sandin*, 515 U.S. at 484; *May v. Baldwin*, 109 F.3d 557,
6   565 (9th Cir. 1997). Furthermore, Plaintiff has not shown that he was denied the minimal protections
7   he was due under federal law. *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974); *Walker v. Sumner*,
8   14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472.

9         Plaintiff's due process claim fails because he has not identified the existence of a protected
10  liberty interest. Plaintiff's placement in on single cell status and in administrative segregation do not
11  implicate a protected interest, and the absence of an identifiable interest precludes the finding of a
12  viable due process claim. *Austin*, 545 U.S. at 221.

13        Although Plaintiff states he was falsely charged with the RVR, the Constitution requires only
14  that there be some evidence to support the conviction and the standard is not stringent.
15  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Here, Plaintiff's allegations that Defendants saw
16  him attack another inmate indicate there was some minimal evidence supporting his placement on
17  single cell status and in administrative segregation, and Plaintiff's disagreement with hearing
18  officer's weight and credibility assessments will not support a federal claim. *Id.* Accordingly, the
19  Court finds that Plaintiff's placement in administrative segregation and single cell status fails to state
20  a cognizable § 1983 due process claim.

21        **E. Fourteenth Amendment Due Process Deprivation of Property**

22        Plaintiff alleges that the temporary separation from his personal property while he was in
23  administrative segregation for three months violated his right to due process.

24        Although "States may under certain circumstances create liberty interests which are protected
25  by the Due Process Clause," those circumstances are generally limited to freedom from restraint that
26  "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of
27  prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Here, the temporary deprivation of
28  personal property does not impose an atypical or significant hardship in relation to the ordinary

incidents of prison life.

Prison restrictions on the size of personal property that an inmate may possess do not violate the Due Process Clause. *See e.g., Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999) (dismissing due process challenge to new prison policy limiting amount of property a prisoner could keep in his cell); *Parkhurst v. Uphoff*, 46 F.3d 1151, *1 (10th Cir. Jan. 4, 1995) (prisoner must be given permission to have electric appliances and that permission may be revoked); *Blackwell v. Pizzola*, 2010 WL 4505813, *6 (E.D. Cal. Nov. 12, 2010) (dismissing due process challenge to confiscation of prisoner's JWIN radio as not imposing atypical or signification hardship in relation to the ordinary incidents of prison life); *Vogelsang v. Tilton*, 2008 WL 4891213, *4 (E.D. Cal. Nov.12, 2008) (dismissing due process claim because restrictions on number of appliances inmate is allowed to possess did not impose atypical or significant hardship in relation to the ordinary incidents of prison life); *Martin v. Hurtado*, 2008 WL 4145683, *13 (S.D. Cal. Sept. 3, 2008) (dismissing due process challenge because deprivation of inmates's television does not pose an atypical and significant hardship when compared to the ordinary incidents of prison life); *Eaves v. Castro*, 2011 WL 220017, *3 (E.D. Cal. Jan. 24, 2011) (Avenal's prohibition of inmate's JWIN cassette radio player failed to state a claim for due process deprivation of property).

Plaintiff's temporary separation from his personal property while he was in administrative segregation for three months does not support a due process claim. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994); *Cummer v. Tilton*, 2010 WL 2606502, at *5 (E.D. Cal. 2010); *Owens v. Ayers*, 2002 WL 73226, at *2 (N.D. Cal. 2002).

> Another regulation requires that any personal items must "present no threat to institution security or the safety of persons" and limits the volume of property for an inmate to a maximum of six cubic feet, Cal. Code Reg. tit. 15, § 3190. Prison Procedure apparently further restricts the possession of property by any inmate in administrative segregation. A California inmate would not have a legitimate claim of entitlement to possess personal property in prison unless explicitly authorized by other state laws or prison regulations—but Plaintiff has not identified any such laws or regulations. Plaintiff did not have a right to due process before he could be temporarily deprived of property that was not permitted in the housing unit in which he was kept. He also had no legitimate claim of entitlement to his proposed alternative accommodation (i.e., that he be kept in the general population with extra security precautions) so that he would not be subjected to the property possession regulations that applied to all

>inmates housed in administrative segregation. *Cf. Meachum v. Fano*, 427 U.S. 215, 225) (1976) (no constitutionally-protected right to housing in a particular prison).

*See Owens v. Ayers*, 2002 WL 73226, at *2 (N.D. Cal. Jan. 15, 2002). Accordingly, the Court finds that Plaintiff's temporary separation from his personal property while he was in administrative segregation for three months fails to state a cognizable § 1983 due process claim.

### F. First Amendment Retaliation and Linkage

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*,

885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff alleges that on July 21, 2009, a riot occurred in KVSP. Am. Compl. at 4. As a result of the riot, Gonzalez and Stane wrote a false report claiming they saw Plaintiff and two other inmates attack inmate White. *Id.* On July 21, 2009, Lieutenant Smith ordered Plaintiff placed in administrative segregation for allegedly participating in the riot. *Id.* at 5. Captain Castro and Lieutenant Hammer ordered Plaintiff retained in administrative segregation. *Id.* Plaintiff was charged with battery on an inmate with a weapon. *Id.* On September 12, 2009, Plaintiff was found guilty of the lesser charge of "misconduct likely to result in violence." *Id.* Plaintiff alleges that on October 22, 2009, the ICC held a hearing and found Plaintiff's retention in ad-seg no longer necessary. *Id.* Lieutenant Harris claimed he could not release Plaintiff from ad-seg until he was given an RVR reflecting the favorable adjudication from ICC. *Id.* Lieutenant Harris could have released Plaintiff from ad-seg earlier, and Plaintiff was ultimately released without an adjudicated RVR. *Id.* Plaintiff alleges he was held in ad-seg in retaliation for filing a 602 complaint against ad-seg officers. *Id.* at 6, 13-14. Plaintiff alleges each of the Defendants were aware of his grievances and were either responsible for releasing him from ad-seg or for taking steps leading to such release. *Id.* at 13-14. Defendants failure to release Plaintiff or enable release of Plaintiff did not advance any legitimate correctional goals. *Id.* at 14.

Plaintiff states that Defendants were aware of his grievances, but he does not allege any specific facts to link the named defendants who were responsible for his retention in administrative segregation, pursuant to *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21; *Ewing*, 588 F.3d at 1235; and *Jones*, 297 F.3d at 934. Plaintiff states that Lieutenant Harris could have released Plaintiff, but Plaintiff does not state that Lieutenant Harris was a member of the ICC, who were the individuals responsible for releasing Plaintiff. Compl. at 5. Notwithstanding the linkage deficiencies, it appears that retaining Plaintiff in administrative segregation for three months following a riot in prison where Plaintiff was found guilty of "misconduct likely to result in violence" would serve a legitimate correctional goal. "The district court properly dismissed [plaintiff's] retaliation claim because he failed to allege that his transfer and placement in administrative segregation did not serve a legitimate penological goal. *See Rizzo*, 778

F.2d at 532." *Beagles v. Miller-Stout*, 47 Fed. Appx. 832 (9th Cir. 2002). *See also Del Rio v. Schwarzenegger*, 2010 WL 347888, at *7 (C.D. Cal. Jan. 20, 2010) (citing *Rhodes*, 408 F.3d at 567-68). Therefore, Plaintiff fails to state a cognizable § 1983 First Amendment retaliation claim.

### G. Eighth Amendment Right to Outdoor Exercise

Plaintiff alleges that during his placement in administrative segregation, he was locked in his cell twenty-four hours a day without a cellmate. Am. Compl. at 7. He could not participate in yard because ad-seg inmates can only wear boxer shorts for yard, and it was too cold. *Id.* at 8.

"[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The Eighth Amendment, which protects prisoners from inhumane conditions of confinement, *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), is violated when prison officials act with deliberate indifference to a substantial risk of harm to an inmate's health or safety, *id.* at 828; *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010).

Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. First, the deprivation must be, objectively, sufficiently serious. *Id.* The objective component is contextual and responsive to contemporary standards of decency. *Hudson*, 503 U.S. 1 at 8. Extreme deprivations are required to make out an Eighth Amendment conditions-of-confinement claim. *Hudson*, 503 U.S. at 9. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Id.* Second, prison officials must have a sufficiently culpable state of mind, which for conditions-of-confinement claims is one of deliberate indifference. *Farmer*, 511 U.S. at 834. Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. Thus, prison officials may be held liable under the Eighth Amendment for denying humane conditions of confinement only if they know that inmates face a substantial risk of harm and they disregard that risk by failing to take reasonable measures to abate it. *Id.* at 847.

Inmates have a constitutional right to exercise and the denial of out-of-cell exercise for an extended period of time is sufficiently serious to state a claim under the Eighth Amendment. *Thomas*, 611 F.3d at 1151-52. Short-term, temporary deprivations of exercise without medical effects, however, are not sufficiently serious to support an Eighth Amendment claim. *Thomas*, 611 F.3d at 1155; *Norwood v. Vance*, 591 F.3d 1062, 1070 (9th Cir. 2010); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir. 1994).

Plaintiff states that Defendants denied him outdoor exercise because in administrative segregation, inmates are required to wear boxer shorts in outdoor yard. Compl. at 7. Plaintiff states it was too cold for him to wear boxer shorts. *See id.* at 8. Therefore, Plaintiff has not alleged that Defendants actually prevented him from exercise, only that Plaintiff did not want to go out in boxer shorts in cold weather. *See id.* Plaintiff did not allege a temperature, but the Court notes that Plaintiff was placed in administrative segregation at KVSP in Delano, California between July 21, 2009 and October 22, 2009. *See id.* at 4-6. From Plaintiff's allegations, the Court finds that Plaintiff failed to allege sufficient facts which indicate that Defendants violated his Eighth Amendment right to outdoor exercise.

### H. Eighth Amendment Conditions of Confinement

Plaintiff alleges he suffered substantial psychological harm from placement in ad-seg. Am. Compl. at 7. He was locked in his cell twenty-four hours a day without a cellmate. *Id.* He could not participate in yard because ad-seg inmates can only wear boxer shorts for yard, and it was too cold. *Id.* at 8.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan*, 465 F.3d at 1045. But this is not a mandate for comfortable prisons. *Farmer*, 511 U.S. at 832. Indeed, prison conditions may be both restrictive and harsh without violating the Constitution. *Chapman*, 452 U.S. at 347. Within this construct, however, prison officials must provide food, clothing, shelter, sanitation, medical care, and personal safety. *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment when these two components are met: (1) the deprivation alleged must be objectively sufficiently serious; and (2) the prison official possesses a sufficiently culpable state of mind.

*Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, courts consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation over an extended time are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *Id.* at 732-33.

Courts have found that temporarily depriving prisoners of a mattress does not violate the Eighth Amendment. *See, e.g., Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir.1988) (holding that allegation that inmate slept without a mattress for one night is insufficient to state an Eighth Amendment violation), *vacated on other grounds*, 493 U.S. 801 (1989); *see also O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (no Eighth Amendment violation where inmate forced to sleep on cement slab for four (4) days); *Williams v. Delo*, 49 F.3d 442, 445-46 (8th Cir. 1995) (no Eighth Amendment violation where inmate failed to allege any evidence that his health was impaired as a result of four (4) day confinement in a cell without clothes or bedding). In the majority of decisions where the court considered whether failure to provide a mattress to an inmate violated the Eighth Amendment, the failure was accompanied by other factors such as extreme cold, lack of sanitary conditions, solitary confinement, inadequate clothing, or improper diet. *See, e.g., Sellars v. Beto*, 409 U.S. 968, 969 (1972) (solitary confinement, in cell twenty-four hours a day, only fed bread and water, no mattress); *Rodgers v. Thomas*, 879 F.2d 380, 385 (8th Cir. 1989) (no toilet or sink, clothing confiscated, only allowed to shower once every five days, no mattress); *French v. Owens*, 777 F.2d 1250, 1253 (7th Cir.1985) (shackled to bed, sometimes stripped, denied right to use toilet, had to lie in own excrement, no mattress), *cert. denied*, 479 U.S. 817 (1986).

Similarly, being temporarily deprived of toothpaste does not violate the Eighth Amendment. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (depriving prisoner of toilet paper, soap, toothpaste and toothbrush while keeping him in filthy, roach-infested cell for a period of several days was not a constitutional violation); *see also Williams*, 49 F.3d at 444-46 (placement in strip cell without water, mattress, a toothbrush, toothpaste, deodorant, soap, sheets, blankets, pillow cases,

pillows, his legal mail and/or clothing, for four days did not violate Eighth Amendment).

Plaintiff does not state a cognizable claim for Eighth Amendment cruel and unusual punishment against any Defendants. As stated above, Plaintiff did not allege he was refused outdoor exercise, only that he did not want to go out in his boxer shorts because it was too cold. Am. Compl. at 7-8. Furthermore, being denied a cellmate for three months is not cruel and unusual punishment. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon Eighth Amendment conditions of confinement.

## I. Intentional Infliction of Emotional Distress

Plaintiff suffered substantial psychological harm from placement in ad-seg. Am. Compl. at 7. Plaintiff states he was locked in his cell twenty-four hours a day without a cellmate. *Id.*

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009); *Tekkle v. United States*, 567 F.3d 554, 855 (9th Cir. 2007); *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Corales*, 567 F.3d at 571; *Tekkle*, 511 F.3d at 855; *Simo*, 322 F.3d at 622.

As stated above, Plaintiff did not allege he was refused outdoor exercise, only that he did not want to go out in his boxer shorts because he felt it was too cold. Am. Compl. at 7-8. Furthermore, being denied a cellmate for three months is not conduct so outrageous and so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Corales*, 567 F.3d at 571; *Tekkle*, 511 F.3d at 855; *Simo*, 322 F.3d at 622. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for intentional infliction of emotional distress against Defendants.

//
//
//

### IV. Conclusion

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

IT IS SO ORDERED.

Dated:   April 30, 2012

_____
UNITED STATES MAGISTRATE JUDGE